WILLIAM H. GARDINER *vs.* INHABITANTS OF CAMDEN.

Knox. Opinion April 2, 1894.

*Way. Culvert. Surface Water. Towns. R. S., c. 18, § 67; Stat. 1889, c. 285.*
Where the evidence fails to show that the municipal officers constructed a "public drain," or "common sewer" in the exercise of any authority conferred by the statute of 1889, but satisfactorily proves that the acts complained of were performed by the highway surveyor while making necessary repairs on the highway by cleaning out the old ditch, and one or more of the culverts, in order that they might serve the purpose for which they were designed:
*Held;* that if the effect of these operations was to cause the surface water to flow upon the plaintiff's land adjacent more freely than it had previously

been accustomed to do, no action will lie against the town for the damage thereby occasioned.

Such proof will not sustain an action upon the statute of 1889, c. 285, relating to public drains and common sewers; and a verdict for the defendants may be properly ordered by the presiding justice.

ON EXCEPTIONS.

The case is stated in the opinion.

*J. H. and C. O. Montgomery*, for plaintiff.

In matters of drains and sewers under legislature authority, granted and accepted, the town stands in the position of a corporation with special powers granted to it. The officers of the town have the judicial powers, and the town has the ministerial responsibilities. The officers say where the drain shall be laid, &c., but its construction and maintenance are with the town. And for any negligence in its construction or maintenance the town is liable to the party injured thereby. R. S., ch. 16, § 2; *Bulger* v. *Eden*, 82 Maine, 355; *Rowe* v. *Portsmouth*, 56 N. H. 291, 294, 298; Cooley's Con. Lim., page 248; *New York* v. *Bailey*, 2 Den. 433; *Lead Co.* v. *Rochester*, 3 N. Y. 463; *New York* v. *Furze*, 3 Hill, 612; *Gilman* v. *Laconia*, 55 N. H. 130.

In the case of *Lead Co.* v. *Rochester*, cited, the court say: "That an ordinance of a city corporation, directing the construction of a work within the general scope of its powers, is a judicial act, for which the corporation is not responsible; but the prosecution of the work is ministerial in its character, and the corporation must therefore see that it is done in a safe and skillful manner."

Our court approve of the principles laid down by these authorities. *Bulger* v. *Eden*, 82 Maine, 358.

In *R. R.* v. *Norwalk*, 37 Conn. 109, an injunction was granted restraining the town from turning a surface drain on to the road bed of the plaintiff, although the necessities of the town required it, there being a way to avoid damage to the plaintiff though more expensive to the town.

*C. E. and A. S. Littlefield*, for defendants.

SITTING: PETERS, C. J., EMERY, FOSTER, HASKELL, WHITEHOUSE, JJ.

WHITEHOUSE, J.   The plaintiff represents that he is injured in his property by the act of the defendants in constructing a public drain on the west side of Bay View street, in Camden, with outlets so adjusted as to turn the sewage therefrom upon his premises on the east side of the street; and he brings this action to recover damages for the injury.   After hearing the plaintiff's evidence, the presiding justice instructed the jury to return a verdict in favor of the defendants.   The case comes to this court on exceptions.

It is claimed in the argument of the plaintiff's counsel, that the alleged drain was constructed by direction of the municipal officers of Camden in pursuance of chap. 285 of the statutes of 1889, relating to, "public drains," and "common sewers," that act having been accepted by the defendants in town meeting prior to the injury complained of.

But a careful examination of all the evidence introduced not only fails to disclose any reasonable ground for the contention that the municipal officers constructed a "public drain," or "common sewer," opposite the plaintiff's premises, in the exercise of any authority conferred by the act of 1889, but affirmatively shows beyond a reasonable doubt that the alleged, "public drain," was but the usual ditch on the side of the highway, and the "outlets" were the ordinary culverts long before laid across the street at three different points in that vicinity.   They were not designed to carry off the sewage from the dwelling-houses on the west side of the street, but the drain and culverts were intended to perform the well-recognized and customary office of disposing of the surface water accumulating on the highway from rains and melting snows; and the acts complained of were evidently performed by the highway surveyor while making necessary repairs on the highway by cleaning out the old ditch and one or more of the culverts, in order that they might serve the purpose for which they were designed.

If the effect of these operations was to cause the surface water to flow upon the plaintiff's land adjacent, more freely than it had previously been accustomed to do, it is well settled law that no action will lie against the defendants for the damage

thereby occasioned. *Greeley* v. *Me. Cent. R. R. Co.* 53 Maine, 200; *Dickinson* v. *Worcester*, 7 Allen, 19; *Flagg* v. *Same*, 13 Gray, 601; *Parks* v. *Newburyport*, 10 Gray, 28; Angell on Watercourses (6th Ed.), 108 (*l*,) and cases cited. This doctrine is expressly conceded in *Emery* v. *Lowell*, 104 Mass, 13, cited by the plaintiff.

There is no evidence that the owners of the several dwelling-houses on the west side of the street were "permitted," by the selectmen to use the drain and culverts in question to carry off either surface water or sewage from their premises. It does not appear that the selectmen ever took any action whatever under the act of 1889, respecting sewage.

Whether or not the highway surveyor exceeded his official authority and duty and rendered himself personally liable, by excavating a trench outside of the limits of the highway on the land of the plaintiff, or otherwise, is a question not now before the court. It is not claimed that any action therefor would lie against the defendant town. (See *Plummer* v. *Sturtevant*, 32 Maine, 327; Rev. Stat. ch. 18, sect. 67.)

The verdict in favor of the defendants was properly ordered by the presiding justice.        *Exceptions overruled.*